

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

TAVISH C. DEATLEY
Assistant Corporation Counsel
phone: (212) 356-2409
fax: (212) 356-3509
email: tdeatley@law.nyc.gov

March 2, 2016

**BY ECF**
Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York

        Re: <u>Michelle Berrio v. City of New York, et al.</u>, 15 Civ. 9570 (ALC)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York in the above-referenced matter. I write pursuant to Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in regards to defendant's anticipated motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    **I.**    **Facts**

        The complaint alleges, *inter alia*, that on February 25, 2015, plaintiff was arrested, without probable cause, by members of the New York City Police Department ("NYPD"). Specifically, plaintiff alleges that, at approximately 5:05 pm, after she exited the West 145th Street subway station that she was approached by an NYPD Officer. See Complaint at ¶¶19-22. The Officer informed plaintiff that "[a] young woman had been assaulted outside that stop and you fit the description." Id. at ¶ 25. The Officer requested that plaintiff wait for the complaining victim so that an identification could be made. Id. at ¶ 29. The complaining victim, who was in the back of a police car, identified plaintiff as the individual who had assaulted plaintiff, including that plaintiff was wearing a "black hat and black coat" and had a "pink cell phone cover."[1] Id. at ¶¶ 31-38.

        As a result of the identification, plaintiff was handcuffed and taken to the 30th Precinct. Id. at ¶ 39. Plaintiff further alleges that she remained at the Precinct for several hours and that she was released after "the victim told the police that [plaintiff] was not the person who

---

[1] Plaintiff states that she did not fit the description of the assailant because she was wearing a "navy hat and a wool navy coat" not a black hat and black coat. Id. at ¶ 37.

attacked her." Id. at ¶57. Plaintiff also alleges that several news articles were published detailing the incident. Id. at ¶¶58-62.

## II. Defendant's Motion to Dismiss

Plaintiff brings suit alleging, *inter alia*, state and federal claims for false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation of character, slander *per se*, *respondeat superior*, and negligent hiring, training, and supervision. Defendant respectfully submits that plaintiff's suit centers around the question of whether there was probable cause to arrest plaintiff based upon the complaining victim's identification. As such, the instant letter only substantively addresses plaintiff's false arrest; however, defendants intend on moving on all of plaintiff's claims. If the Court prefers, defendant will submit an additional letter outlining its substantive position as to plaintiff's additional claims.

### A. Plaintiff's False Arrest Claim[2]

Courts have unequivocally held that "[t]he existence of probable cause to arrest constitutes a 'complete defense' to an action for false arrest, whether that action is brought under Section 1983 or state law." Matthews v. City of New York, 889 F. Supp. 2d 418, 433 (E.D.N.Y. 2012) (citing Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010)). Because probable cause existed to believe that plaintiff had committed one or more offenses, the arrest was privileged, and plaintiff's false arrest claim must fail.

Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Zalaski v. City of Hartford, 723 F.3d 382, 389-390 (2d Cir. 2013) (quoting Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007)). As the Second Circuit recently stated,

> [P]robable cause does not demand that an officer's good-faith belief that a suspect has committed or is committing a crime be "correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742 (1983). It requires only facts sufficient to establish the sort "of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" Florida v. Harris, 133 S. Ct. 1050, 1055, 185 L. Ed. 2d 61 (2013) (alteration in original) (quoting Illinois v. Gates, 462 U.S. at 231, 238).

Zalaski, 723 F.3d at 390.

Identification of a suspect by a victim or other eyewitness to a crime is generally sufficient to establish probable cause for an arrest. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) (finding that probable cause exists when police receive "'information from some person, normally the putative victim or eyewitness' . . . unless the circumstances raise doubt as to the person's veracity." (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)); Singer, 63 F.3d at 119 ("An arresting officer advised of a crime by a person who claims to be the

---

[2] Upon review of the complaint, it appears that plaintiff First Cause of Action sets forth several federal claims which all relate directly to a claim for false arrest. See Complaint, at First Cause of Action.

victim . . . has probable cause to effect an arrest"). Further, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." Campbell v. Giuliani, No. 99-CV-2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (citing Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed")).

Here, a complaining victim informed NYPD Officers that she was assaulted by a woman wearing a black hat and black coat and carrying a cell phone with a pink cover. Plaintiff admits that she was carrying a pink cell phone cover but alleges that she did not fit the description because she was wearing a navy blue coat and hat. Though it would be reasonable to mistake black with navy blue, what matters, in this instance, is that the complaining victim, on the street, identified plaintiff as the perpetrator of the assault. Due to the identification, plaintiff was arrested and transported to the 30th Precinct. After it was determined that plaintiff was not the individual who assaulted the complaining victim, she was released. However, the fact that an investigation ultimately determined that plaintiff was not the assailant does not alter the evaluation of probable cause in the first instance. Importantly, the officers have no duty to investigate any exculpatory defenses offered by plaintiff; rather, they can rely on the complaining victim's statements and identification. See Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003) ("We do not impose a duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest.").

B. State Law Claims

If the Court grants defendants' motion as to plaintiff's federal claims, this Court should decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(c)(3). See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994)("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial." ).

### III. Conclusion

For the reasons set forth above, defendants respectfully request that the Court schedule a pre-motion conference to discuss defendant's proposed motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant thanks the Court for its consideration in this regard.

Respectfully submitted,

/s

Tavish C. DeAtley
Assistant Corporation Counsel
Special Federal Litigation Division

- 4 -

cc: **<u>BY ECF</u>**
Keith M. Szczepanski
*Attorney for Plaintiff*